BOROUGH OF ATLANTA *et al. v.* KIRK *et al.*

No. 8745. August 13, 1932.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiffs in error.

*Hooper & Hooper, Branch & Howard,* and *Clifford Walker,* contra.

Beck, P. J. (After stating the foregoing facts.)

■ The court did not err in allowing the intervention making the owner of the lot a party plaintiff, where the petitioner, the lessee, was seeking to prevent the enforcement of the ordinance restricting the right of parking in streets adjoining the lot.

■ The foregoing statement of facts does not contain many of the allegations in the petition and the answer, but does contain the substance of those allegations essential to be considered in the determination of the controlling question presented. Under the evidence in this record, we are of the opinion that the court should have refused the injunction. There were many affidavits introduced at the hearing, both by the plaintiff and the defendant. There was evidence which showed that under the conditions existing around the lot in question the city council, in passing the ordinance attacked, was not unreasonable, or arbitrary, or discriminatory. It clearly appears from the evidence contained in the affidavits introduced by the city that the city council was justified in passing this ordinance limiting the right to park cars and trucks in the streets in question.

It is a settled doctrine, in the decisions of this court and most of the courts of this country, that municipal by-laws and ordinances undertaking to regulate useful business enterprises are subject to investigation in the courts with a view to determining whether the law or ordinance is a lawful exercise of the police power, or whether, under the guise of enforcing police regulations, there has been an unwarranted and arbitrary interference with the constitutional right to carry on a lawful business or use and enjoy property; and it is unnecessary to cite authorities stating and restating this principle.

Public streets, unless there be some special restriction when the same are acquired or opened as a public street, are within the control of the municipal authorities. This control, of course, is to be exercised for the public good. The control of the public streets of a town rests primarily with the legislature; but in the case of a municipality, it has given over the control, as it has the authority to do under the constitution, to the municipality. A municipality as a rule has the power to lay out, establish, and open streets, has the power to pave, improve, and reconstruct, and has necessarily the power to prevent obstructions of the street or encroachment on the street except for public benefit. And in passing ordinances in reference to keeping open streets and preventing the parking of cars in the streets, which are often an obstruction to the use of the street by the public, it has and can exercise a large discretion, basing the exercise of that discretion upon existing facts and surroundings that affect the use of the street by the public at particular places. In passing ordinances of the character referred to, the legislative body of the municipality exercises a discretion, as we have said; and when the collective wisdom of the municipal legislative body is put into the form of an ordinance duly passed, the exercise of the discretion of such a body will not be controlled by the courts, unless it has been abused. It is a well-recognized rule, of course, that ordinances passed by the municipal authorities must be reasonable and lawful, and must not be oppressive; that they must be impartial and fair. The power of courts to declare an ordinance void because it is unreasonable is one which must be carefully exercised. When the ordinance is within the grant of power conferred upon the municipality, the presumption is that it is reasonable, unless its unreasonable character appears upon its face. "If the or-

dinance is not inherently unfair, unreasonable or oppressive, the person attacking it must assume the burden of affirmatively showing that as applied to him it is unreasonable, unfair and oppressive." 2 Dill. Mun. Cor., 928, § 591. But in passing upon the question as to whether or not an ordinance is arbitrary, unfair, and unreasonable, a court, having before it the question as to whether or not an injunction shall be granted against the enforcement of the ordinance, must keep in mind that while the court hearing evidence exercises a discretion in passing upon conflicting evidence or in passing upon the reasonableness of an ordinance, the municipal authorities have, in the first instance, the exercise of a discretion; and if the facts and evidence before the municipal body at the time of passing the ordinance would authorize the exercise by that body of a discretion in passing or refusing to pass the ordinance, then a court should not declare the ordinance unreasonable, arbitrary, and void merely because the court should take the view that it would be best for the public that the ordinance should not be enforced. In *Commissioners* v. *Porter Mfg. Co.,* 103 *Ga.* 613 (30 S. E. 547), it was said: "The discretion vested in the county authorities must be from the nature of the case a broad one, and therefore the reviewing power of the judge of the superior court must be exercised with caution, and no interference had unless it is clear and manifest that the county authorities are abusing the discretion vested in them by law." Here the court was speaking of the exercise of the discretion vested in the county authorities, but the same principle is applicable to the exercise of discretion by the city council. In that case it was further said: "The matter is left in the first instance to the discretion of the county authorities, to be controlled only by the discretion of the superior court to be exercised within limits." Remarking again that this decision relates to the power of county authorities, the principle is applicable to the exercise of a discretion by municipal authorities. In the present instance the municipal authorities exercised their wisdom and discretion in the matter of passing the ordinance, and there is evidence in the present record to show that they did not act arbitrarily nor unreasonably nor oppressively. While there was evidence submitted before the trial judge who heard this application for injunction, tending to show that this ordinance was not necessary to preserve the use of the streets to the public, and to rebut many of the allegations in the

answer of the city, nevertheless the evidence submitted by the city, contained in numerous affidavits, sustains the contention of the city that the council in passing the ordinance did not act arbitrarily, unreasonably, or unfairly; and in view of that, under the authorities laying down the principle which we think is controlling in this case, the court should have refused the injunction, and erred in restraining the city from the enforcement of the ordinance.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*