[Civ. No. 10008. First Appellate District, Division Two.—February 11, 1936.]

L. N. DAY, as Trustee, etc., Respondent, v. METROPOLI-TAN LIFE INSURANCE COMPANY (a Corporation), Appellant.

F. Eldred Boland and Knight, Boland & Riordan for Appellant.

Lobdell & Watt and Harold L. Watt for Respondent.

NOURSE, P. J.—Plaintiff sued for declaratory relief to determine his rights as trustee of a missing person in several policies of life insurance. Judgment went for plaintiff after defendant's demurrer to the complaint was overruled, and the defendant has appealed on the judgment roll.

On June 10, 1932, plaintiff was appointed trustee of the estate af Frank Baumgarteker, a missing person, under the provisions of sections 1822 et seq. of the Code of Civil Procedure. As a part of the estate plaintiff took possession of four life insurance policies issued by the defendant on the life of Baumgarteker. Each policy contained identical clauses in respect to options on surrender or lapse in accord with the nonforfeiture provisions of section 450 of the Civil Code. Acting upon these terms of the policies the plaintiff made written demand upon the defendant to have these policies continued in force as nonparticipating paid-up in-

surance. The defendant refused to comply with the demand, taking the position that plaintiff had no legal standing because the statute under which he was appointed trustee was unconstitutional. This was the principal ground urged in the demurrer and on this appeal, but defendant also argues that neither plaintiff nor the insured had the right to exercise any of the options provided for in the policies prior to an actual default, and that the complaint was insufficient because it did not allege an actual default when the demand was made. In a supplemental brief filed on this appeal, the defendant has raised the additional point that the trustee could not assert the right to exercise any of the options under the policies except the first, for the cash surrender value, because an immediate cash payment would be most advantageous to the beneficiaries under the policies. We will consider the points in this order:

█ It may be conceded that, under certain circumstances, an absence of three months might be an unreasonable time to permit a proceeding under the statute. On the other hand, circumstances might arise which would justify a proceeding earlier than that. If a husband and father openly abandons his wife and children and openly declares his intention to disappear and leaves behind him sufficient property to support those dependent upon him but leaves it in a way that they cannot use it, no court would be justified in holding that they must wait seven years before the property could become available for their support. Yet a period of seven years is the minimum time which the appellant here concedes to be reasonable. If this court, on the record before us, should declare either that ninety days was too short or that seven years was too long such determination would have no factual basis but would rest on conjecture alone. In the last analysis these questions are purely legislative, and the courts will not substitute their opinions for that of the legislature unless the unconstitutionality of the statute is so apparent on the face that no circumstances can be assumed under which it might have a constitutional operation. █ By this we mean that, unless the statute on the face appears unconstitutional, that question can be raised only in a case where its application is sought against a party who may claim that, under the circumstances of that case,

he has been denied some of the constitutional guaranties. (6 R. C. L., p. 89 et seq.; *Ramish* v. *Hartwell*, 126 Cal. 443, 451 [58 Pac. 920]; *Castillo* v. *McConnico*, 168 U. S. 674, 680 [18 Sup. Ct. 229, 42 L. Ed. 622].) This principle is illustrated in the numerous cases which have arisen relating to the application of statutes of limitation generally. If the time fixed by a statute within which an action may be commenced, or a right asserted, is an unreasonable time, the statute will not be declared unconstitutional or void for that reason, but the courts will permit the action to be brought within such time as may be found to be reasonable. (5 Cal. Jur., p. 755; *Doehla* v. *Phillips*, 151 Cal. 488, 491 [91 Pac. 330]; *Rhoda* v. *Alameda County*, 134 Cal. App. 726, 735 [26 Pac. (2d) 691].) The question as to what is a reasonable time for that purpose is more or less a question of fact, and, like the question of the reasonableness of police regulations, the courts may look to the general circumstances and conditions arising out of the particular case. (*Abbey Land & Improvement Co.* v. *County of San Mateo*, 167 Cal. 434 [139 Pac. 1068, Ann. Cas. 1915C, 804, 52 L. R. A. (N. S.) 408].)

The record here discloses that Baumgarteker disappeared on November 25, 1929. He was then a resident of Los Angeles County, and left both real and personal property situated therein. It does not appear when the petition under the code section was filed, but the trustee was appointed on June 10, 1932. The compliant in this action was filed on April 13, 1934, and alleged that his whereabouts had been unknown ever since his disappearance in 1929. It further appears that the insurance policies involved in this proceeding were a part of the personalty left by Baumgartcker, and that the premuims due were presumably long in default. The condition of the realty is not disclosed, but the need of a caretaker may be fairly assumed. All these circumstances might have been given consideration on the question of the reasonableness of time in which the proceeding was instituted, if that question had been properly raised. Thus, if the missing person had, in any appropriate proceeding, raised the question, and it should have there appeared that his property had merely been preserved for his benefit during his absence, it is not conceivable that he could have shown

a denial of due process, a denial of equal protection, or a denial of any of his constitutional privileges. If the real party in interest cannot assert a denial of any of these rights, it must follow that a third party is in no position to raise that question in a collateral proceeding.

The policies contained the provision that after the premiums for two full years had been paid, the insured should be entitled, upon written request and surrender of the policies within three months after the due date of any premium in default, to exercise one of three options — cash surrender value, paid-up endowment insurance, or paid-up term insurance. ■ The appellant contends that the complaint is insufficient because it does not alleged that any of these premiums were in default at the time the demand was made. The point is unsound for two reasons—the action is one for declaratory relief; the complaint asked and the court adjudged that the respondent "has the right *to avail himself* of the (option) . . . . within three months after the due date of any premium in default". In this respect the decree follows the terms of the policies and of the statute. If or when the premiums become in default the demand becomes effective for all purposes. ■ Secondly, the policies do not require the insured to wait until the premiums are in default before he can exercise the option. The three months' period mentioned in the policies relates to the time of presentation of the policies for surrender or endorsement. But this period is merely a limit within which the policies must be returned for that purpose. There is nothing in the language which supports the claim that either the written request or the presentation of the policies may not ·be made before default, or made in contemplation of default to become effective when the default occurs. (Joyce on Insurance, vol. 3, p. 2296, sec. 1184; *Lovell* v. *St. Louis Mutual Life Ins. Co.,* 111 U. S. 264 [4 Sup. Ct. 390, 28 L. Ed. 423].)

■ Lastly, it is argued that the trustee can have no power to exercise any of the options except the first—to demand the cash surrender value of the policies—because, perchance the insured might have left a wife and family whose needs would best be served by an immediate cash payment. This is not a question which can be raised on this appeal. The court in which the estate of the missing person

is pending has the power under section 1822b of the Code of Civil Procedure to direct the trustee in the administration of the estate. Whatever the interests of the family, if any, may be is a question to be heard in that court. It is not a question which may be raised on a demurrer to the complaint for a determination of the rights of the trustee under the policies.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1936.