### DISTRICT OF COLUMBIA v. SMITH.
### No. 6971.

United States Court of Appeals for the District of Columbia.
Argued Oct. 18, 1937.
Decided Nov. 15, 1937.

Elwood H. Seal, Corp. Counsel, D. C., Vernon E. West, Principal Asst. Corp. Counsel, D. C., and James W. Lauderdale, Asst. Corp. Counsel, D. C., all of Washington, D. C., for appellant.

Z. Montford Smith, pro se, and Milton Kaplan, of Washington, D. C., for appellee.

Before ROBB, GRONER, and MILLER, Associate Justices, and WHEAT, Chief Justice of District Court.

GRONER, J.

Appellee was prosecuted for the violation of paragraph (h) of Article XIV,

Section 71, Part 2, of the Traffic and Motor Vehicle Regulations of the District of Columbia.

The trial court held the regulation unreasonable and dismissed the information. We granted an appeal. The regulation is as follows:

"(h) That on the following named streets and avenues parking shall be prohibited from 2 A. M. to 8 A. M., including Sundays and legal holidays for the period from December 15th of every year to March 15th of the following year. Provided, That this regulation shall not apply to commercial vehicles while loading and unloading; And provided further, That taxicabs accompanied by licensed drivers may occupy space on cab stands on these streets when they do not actually interfere with snow removal work, and any vehicle may park on said streets during the restricted hours when there is a licensed driver behind the steering wheel. Such cabs and other vehicles shall be moved from said streets upon the approach of snow removal machinery or workmen. * * * "

Appellee parked his automobile unattended within the prohibited hours on one of the prohibited streets.

The regulation was made in order to enable the snow removal machinery of the city to function whenever it should become necessary to clear snow from the streets. Appellee contends that it is unreasonable because it applies without regard to whether snow is then present on the streets. We think this contention wholly without merit. The regulation is effective from December of each year until March of the following year, the season when snow may be expected. Its necessity arises from a condition almost certain to exist at many—but unpredictable—times during that period. We may take notice of the fact that, if there is snow in the streets, its removal will be altogether obstructed or at least seriously hampered by the presence of automobiles parked along the curbs; and this, we think, is enough to justify the regulation. The Act of Congress of February 27, 1931 (D.C.Code 1929, Supp. II, title 6, § 243 and note, 46 Stat. 1424), authorized and empowered the Commissioners to make and enforce rules and regulations in respect to the movement of traffic and parking of vehicles on the streets, and in the case of LaForest v. Board of Commissioners, 67 App.D.C. 396, 92 F.2d 547, decided August 9, 1937, we held that this was a valid delegation of authority to make and enforce reasonable rules for the safe and convenient use of the streets for public travel. This necessarily includes the right to restrict the parking of cars on the public streets wherever such parking interferes unreasonably either with the use of the streets for the purposes for which they are set apart or with the duty of the city authorities to keep them open so that their use may be enjoyed free of nuisances.

We held valid in Smallwood v. District of Columbia, 57 App.D.C. 58, 17 F.2d 210, a regulation excluding commercial vehicles equipped with solid tires from certain streets. The present rule is less drastic. Indeed, the time may be soon at hand when it will be necessary to forbid altogether the garaging of vehicles on the main highways of Washington city at any time, day or night, and we have no doubt of the power of the Commissioners under the act of Congress to make and enforce such regulations. The contrary view grows out of the mistaken idea that the owner of an automobile has a right to make "a stable yard of the King's highway" and loses sight of the fact that the real purpose of building and maintaining the streets and roads is to permit the convenient passing and repassing of the public free of all obstructions which diminish this enjoyment. The power to regulate the use of streets and highways by restrictions on the parking of vehicles is one universally recognized, and its reasonable exercise is consistently upheld. See, for example, the following annotations: L.R.A.1917F, 352; 72 A.L.R. 229; 108 A.L.R. 1152.

We are of opinion the regulation is valid and that the motion to quash the information should have been denied.

Reversed.