DANIEL DE PACE, Defendant Below, v. THE MAYOR AND COUNCIL OF WILMINGTON.

(*April* 27, 1948.)

PEARSON, J., sitting.

*Victor J. Colombo* for defendant below.

*Charles L. Paruszewski,* Assistant City Solicitor, for the Mayor and Council of Wilmington.

Superior Court for New Castle County, No. 53, November Term, 1947.

PEARSON, J.:

The Municipal Court of the City of Wilmington found defendant guilty of violating a parking regulation and imposed a fine of $1 and costs. Defendant brought this certiorari proceeding, stating, for his exceptions, that the regulation is arbitrary and unreasonable and therefore invalid, and that the Municipal Court erred in holding it reasonable and valid.

The regulation is a resolution of the Street and Sewer

Department of Wilmington, adopted January 27, 1941. It reads thus:

"No person shall park a vehicle on any day on any street in the City of Wilmington for a period of time longer than one hour between the hours of 3 A. M. and 6 A. M., except physicians when actually on emergency calls."

By statute, the Street and Sewer Department is given "entire jurisdiction and control" over the streets of Wilmington, and the power to prescribe and regulate the use of the city streets (with exceptions not relevant here). *Cutrona v. Mayor etc., of Wilmington,* 14 *Del. Ch.* 434, 127 *A.* 421; 18 *Laws of Del. Chap.* 188; 22 *Laws of Del. Chap.* 405; 37 *Laws of Del. Chap.* 135. Defendant concedes that the Department may lawfully make regulations concerning the use of the streets, but insists that the present one violates "constitutional safeguards, in that it unwarrantedly restricts his [defendant's] right to use the public streets." He refers to Article 1, Section 7, of the Delaware Constitution, which provides that an accused shall not "be deprived of life, liberty or property, unless by the judgment of his peers or by the law of the land"; and the "due process" clause of the Fourteenth Amendment of the Federal Constitution.

The burden is on defendant to establish that the regulation is unreasonable or arbitrary. *Borough of Atlanta v. Kirk,* 175 *Ga.* 395, 165 *S.E.* 69; *Hoyne v. Wurstner, (Ohio App.)* 63 *N. E.* 2d 229. The record contains no evidence on this question. We are left to draw inferences from the provisions of the regulation, in the light of common knowledge.

The purpose of the regulation is obviously to prohibit all-night parking on the city streets. Its provisions seem reasonably designed for that end. Defendant assumes

that it is an essential function of public streets to serve as a place for overnight storage of vehicles, and that members of the public have a "fundamental", "inalienable" right to use the streets for this purpose. The authorities hold otherwise; the power to make reasonable restrictions and regulations concerning such parking is well established. *District of Columbia v. Smith*, 68 *App. D.C.* 104, 93 *F.* 2d 650. *Borough of Atlanta v. Kirk, supra.*

Defendant argues that the regulation is unreasonable in that it applies to *all* streets, whereas the conditions with respect to parking are different on different streets and in different areas, and therefore, the regulation will not operate uniformly. The objection as stated is far too abstract. Absolute uniformity of operation is, of course, non-existent otherwise than in the imagination. Defendant does not point out in what respects the non-uniform operation is unreasonable, nor how his particular case is one as to which it operates in an unreasonable way. The objection is unavailing.

Defendant argues that if car owners are not permitted to store their cars overnight on the streets, many will be obliged to use garages at considerable distances from their homes; and that these car owners will be subjected to risk of criminal attack (robbery, for instance,) particularly at night, in returning on foot to their homes after leaving their cars. The risk of attack would seem no greater for such a returning car owner than for any other pedestrian on the street at the same hour. Certainly, appropriate measures to prevent attacks upon any pedestrians, whether they be returning car owners or not, are justified. But defendant has not shown that the incidents of prohibiting over-night parking are so connected with the problem of criminal attacks at night that such prohibition is unreasonable or arbitrary.

 A regulation similar to the one involved here is recommended in a pamphlet of the Public Roads Administration, Federal Works Agency, entitled "Model Traffic Ordinance as revised and approved by the National Conference on Street and Highway Safety, 1946". On behalf of the City, it is argued that the regulation accomplishes the following benefits, among others: it tends to minimize thefts of automobiles and accessories at night when most such thefts occur; it tends to reduce or minimize other crimes at night, such as breaking and entering, burglary and robbery, by making "get-away" cars more conspicuous, and by reducing the number of parked cars which might be used as hiding places; it helps police officers in their patrol duties and in the discovery of stolen vehicles; it removes impediments to fire apparatus in case of fire at night; it eliminates obstacles from the streets and reduces traffic hazards; it facilitates street cleaning at night. Defendant would disregard all of these asserted benefits because he says, in effect, the regulation does not completely accomplish them. The extent to which they are accomplished by the regulation does not appear. However, this Court is not called upon to consider the regulation, as a legislative body would do, from the standpoint of feasibility or desirability. The regulation must stand unless it be found to transcend the constitutional bounds of legislative discretionary power reposed in the enacting body. From what has been said, it is plain that defendant has failed to sustain the burden of showing that the regulation is arbitrary or unreasonable.

The exceptions should be overruled.