DANIEL DE PACE, Plaintiff in Error, v. THE MAYOR AND COUNCIL OF WILMINGTON, a Municipal Corporation of Delaware, Defendant in Error.

*(February* 1, 1950.)

Argued before HARRRINGTON, Chancellor, RICHARDS, C. J. TERRY and CAREY, J. J.

*Victor J. Colombo* for Plaintiff in Error.

*Charles L. Paruszewski,* Assistant City Solicitor, for Defendand in Error.

Supreme Court, No. 2, September Session, 1948.

RICHARDS, Chief Justice.

It is not denied that the statute incorporating "The Mayor and Council of the City of Wilmington," and the amendments thereto, confers jurisdiction and control over the streets of Wilmington, with the power to adopt resolutions regulating their use, upon the "Board of Directors of the Street and Sewer Department". 17 Laws of Delaware, Chapter 207, 18 Laws of Delaware, Chapter 188, 22 Laws of Delaware, Chapter 406, 37 Laws of Delaware, Chapter 135; *Cutrona v. Mayor and Council of Wilmington,* 14 *Del. Ch.* 434, 127 *A.* 421.

The regulation in question is found in the resolution of the

Street and Sewer Department, adopted January 27, 1941, which is in these words:

"No person shall park a vehicle on any day on any street in the City of Wilmington for a period of time longer than one hour between the hours of 3 A. M. and 6 A. M., except physicians when actually on emergency calls".

It is argued on behalf of the plaintiff in error that said regulation is unreasonable and arbitrary, in that it applies to all of the streets of the city, regardless of the fact that parking conditions are not the same on all the streets, making it impossible to enforce it on all the streets in the same manner.

The main objection of the Plaintiff in Error to the regulation is that it prevents him from parking his car in front of his house overnight, for which purpose he contends he has a right to use the street.

In support of this right, he calls attention to Article 1, Sec. 7, of the Constitution of this State, which contains the provision than an accused person shall not be "deprived of life, liberty or property, unless by the judgment of his peers or by the law of the land"; and to the Fourteenth Amendment of the Constitution of the United States which provides that "no State shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

In the cases of *Borough of Atlanta* v. *Kirk,* 175 *Ga.* 395, 165 *S. E.* 69, and *Hoyne* v. *Wurstner, Ohio App.,* 63 *N. E.* 2d 229, it was held that an ordinance within the grant of power conferred upon the municipality was presumed to be reasonable unless its unreasonable character appeared upon its face; and one who as-

serts that it is unreasonable, unfair and oppressive as applied to him is required to demonstrate that fact.

It is conceded that every citizen has the right to use the public highway for travel and transportation, and that parking is a privilege which accompanies that right subject to reasonable regulations under the police power. It is contended, however, that if regulations restricting the privilege of parking have no real and substantial relation to the peace, good order, safety, health, morals, comfort or general welfare of the community, they deny the owner or operator of a motor vehicle his constitutional right to use the highway.

The argument was made that if the owners of automobiles are not allowed to park them on the street in front of their homes over-night, they might be required to go long distances late at night to get to a garage, which would subject them to attack while returning home on foot. This would not be sufficient reason for declaring a parking ordinance unreasonable or arbitrary, because such persons would not be subject to any greater danger than the average person who uses the streets late at night is subject to, and would have the same privilege of calling upon the authorities for protection.

It has long been held that the primary purpose of the highway is to permit the passing and repassing of the public, and that the public is entitled to the unobstructed use of its entire width for that purpose. *Rex* v. *Cross, 3 Campbell's Reports,* 224; *Cohen* v. *Mayor of New York,* 113 *N. Y.* 532, 21 *N. E.* 700, 4 *L. R. A.* 406, 10 *Am. St. Rep.* 506; *White* v. *Kent,* 11 *Ohio St.* 550.

The right of a municipal corporation to pass reasonable parking regulations, under its police power, is generally recognized. *Pugh* v. *City of Des Moines,* 176 *Iowa* 593, 153 *N. W.* 892, *L. R. A.* 1917F, 345; *Commonwealth* v. *Stodder, 2 Cush.* 562, 56

*Mass.* 562, 48 *Am. Dec.* 679; *Chase* v. *Oshkosh,* 81 *Wis.* 313, 51 *N. W.* 560, 15 *L. R. A.* 553, 29 *Am. St. Rep.* 898; *Commonwealth* v. *Fenton,* 139 *Mass.* 195, 29 *N. E.* 653; *West* v. *City of Asbury Park,* 89 *N. J. L.* 402, 99*A.* 190; *Cutrona* v. *Mayor and Council of Wilmington, supra.*

The Assistant City Solicitor argues, on behalf of "The Mayor and Council of Wilmington", that the regulation under consideration has a direct bearing on the peace, good order, safety, health, morals, comfort and general welfare of the community, because of the many ways in which it assists the municipal authorities to maintain the streets of the city in proper condition, and to protect the citizens and their property.

It is understandable how it affords an opportunity to clean or repair the streets at any time that it is desirable to do so; allows the fire companies to have the full use of the street in order to protect the abutting property from fire; removes a hiding place for persons who have violated the law; and assists the police in the prevention of robberies and other violations of the law. The larceny of automobiles, which is causing much trouble for owners and law enforcement officers everywhere, is less likely to occur where an ordinance of this nature is in force.

The traffic conditions on the streets which are affected by the regulation, or the hours during which it is enforced, are not the only factors to be considered in determining whether it is within the police power of the municipality.

The obligation to protect life and property imposed upon the city authorities by the Legislature requires that they be invested with a discretion in determining what parking regulations will be most helpful in the performance of that obligation; and the Courts should not interfere so long as the exercise of discretion is confined within reasonable bounds. Any other rule would not

only greatly handicap the duly constituted authorities in governing the city, but also would amount to an improper usurpation of power by the Court.

We find nothing unreasonable or arbitrary in the regulation which the Plaintiff in Error considers objectionable. It may cause inconvenience for some residents of the city but that is not sufficient to make it unreasonable or arbitrary.

The judgment of the Superior Court is affirmed.