143 A.2d 739 (1958)
Joseph APRILE, Plaintiff in Error,
v.
The STATE of Delaware, Defendant in Error.
Superior Court of Delaware, New Castle.
June 26, 1958.
*740 John M. Bader, Wilmington, for plaintiff, Joseph Aprile.
F. Alton Tybout, Deputy Atty. Gen., for the State of Delaware.
STIFTEL, Judge.
On November 27, 1957, plaintiff, Joseph Aprile, owner of real property located at 325 East Fourth Street, Wilmington, Delaware, was personally served with a notice, pursuant to Section 679, Title 11, Delaware Code, requiring him to appear before a Judge of the Municipal Court for the City of Wilmington on the third day of December, 1957, at 10:00 a. m., to show cause why certain unusual obstructions on his premises should not be removed by the owner or his agent. A copy of the notice was also posted on the aforesaid premises on the same date.
The hearing date on the Rule to Show Cause was continued by the Municipal Court from December 3 to December 10, 1957, at the request of plaintiff. On December 10, the hearing was held, and on December 16, 1957, the Court ordered the obstructions removed by plaintiff in seven days. Thereafter, plaintiff filed a petition for certiorari and this is the decision thereon.
Plaintiff argues that the statute is unconstitutional as a violation of the due process clause of the Federal Constitution and its equivalent in the State Constitution.
*741 The statute under attack, Title 11, Sections 678 through 686, Delaware Code, reads as follows:
"§ 678. Definitions
"As used in sections 678-686 of this title, `obstruction' means a door, window, shutter, screen, bar or grating of unusual strength, or any unnecessary number of doors, windows, or obstructions, other than what is usual and ordinary in the normal or usual use of any building, apartment or place, by which access to any building, apartment or place is barred."
"§ 679. Service of notice; appearance
"If any Captain of Police or Chief of Police in this State finds that access to any building, apartment or place, which he has reasonable cause to believe is resorted to for the purpose of gambling in violation of the laws of this State, is barred by any obstruction, he shall serve personally upon the owner or agent a notice to appear before the judge of the Municipal Court for the City of Wilmington, if the property is located in the City of Wilmington, or before the judge of the appropriate Court of Common Pleas, if the property is located in New Castle County outside the City of Wilmington or in Kent County, or before the Superior Court in Sussex County, if the property is located in Sussex County, and to show cause why the unusual obstructions should not be removed by the owner or agent."
"§ 680. Posting of notice
"If the Captain of Police or Chief of Police cannot find either the owner or agent of the place or premises, the prescribed notice shall be posted upon the outside of the store or premises."
"§ 681. Contents of notice
"The notice which shall be served either personally upon the owner or agent or which shall be posted upon the outside of the store or premises shall in all cases designate the name of the court in which the rule will be heard, and shall further contain the time and the date upon which the rule will be brought on for hearing."
"§ 682. Hearing
"Within 7 days after posting the prescribed notice on the place or premises, and if personal service is not theretofore had upon the owner or agent of the place or premises, the Captain of Police or Chief of Police shall bring the matter on for hearing before the appropriate court for an order for the removal of the unusual obstructions."
"§ 683. Findings of court; order for removal
"If the court, after a hearing upon the requisite matters, finds that there is reasonable cause to believe that the premises or places are resorted to for the purpose of gambling and that the door, window, shutter, screen, bar or grating of unusual strength is other than what is usual and ordinary in the normal or usual use of the buildings or places, or that there are an unnecessary number of doors, windows, or obstructions, the court shall order the owner or agent to remove the obstruction."
"§ 684. Official removal upon noncompliance with removal order
"In the event that the obstructions are not removed within a period of 7 days after the order for removal, the Captain of Police or Chief of Police shall cause the obstructions to be removed from the premises or place."
"§ 685. Collection of removal expenses; status of contractor; amount of lien
"The expenses of a removal under section 684 of this title shall be collected by the Department of Public Safety *742 for the City of Wilmington if the property is within such City, or by the Attorney General if the property is located outside such City, in the manner provided by law for the filing and collection of a mechanic's lien.
"In connection with the filing and collection of the expenses as a mechanic's lien, the Department of Public Safety or the Attorney General, as the case may be, shall file a statement of claim and shall proceed otherwise in accordance with chapter 27 of Title 25, as if the Department of Public Safety or the Attorney General were a `contractor' within the terms of such chapter. However the Department of Public Safety or the Attorney General may file and collect such liens regardless of amount."
"§ 686. Second, third and subsequent obstructions; first offense
"(a) If, within 1 year after removal of the obstruction, the premises are again obstructed as defined in sections 678 and 679 of this title, the Captain of Police or Chief of Police shall have the same power of removal as provided in sections 678-685 of this title, and in addition the owner or agent when the second order of removal is given, either by personal service or by posting on the building, upon a finding of guilt beyond a reasonable doubt, shall be fined not less than $250 nor more than $500, and the amount of the fine shall be a lien upon the building and shall be collected for the agency entitled to such fine by law in like manner as provided in section 685 of this title.
"(b) For every subsequent obstruction as defined in sections 678 and 679 of this title, at any time within 2 years of the giving of the second notice, as provided in subsection (a) of this section, the Captain of Police or Chief of Police shall have the same powers as provided in sections 678-685 of this title for removing the obstructions, and the owner or agent at the time such third or subsequent order of removal is given, either by personal service or by posting on the building, shall be fined not less than $500 nor more than $1,000, or imprisoned 1 year, and the amount of the fine shall be a lien upon the building, and shall be collected in like manner as provided in section 685 of this title.
"(c) Obstructions as defined in sections 678 and 679 of this title, erected more than 2 years after the giving of the notice of the third offense shall be construed to be a first offense under sections 678-686 of this title."
The first statute dealing with this subject was passed in 1951. Vol. 48, Laws of Del., Ch. 291. This Act was declared unconstitutional in Jannuzzio v. Hackett, 32 Del. Ch. 163, 82 A.2d 730, for failure to provide the owner of the premises or his agent an opportunity for a hearing prior to the interference with or the taking of the property right, in violation of the "law of the land" provision of the Constitution of the State of Delaware. Thereafter, a new statute was enacted in 1952 (Laws of Del., Ch. 490) with provisions for notice to the owner or his agent and requiring a hearing on the requisite matters.
Apparently it was the intent of the General Assembly by the present enactment to remedy the defect found by the Court in the Jannuzzio case. The plaintiff argues, however, that the Legislature failed to provide for fair and sufficient notice of the hearing so as to enable those owners or agents who are not served personally to avail themselves of the opportunity to be heard.
Plaintiff does not challenge the adequacy of the notice as it pertains to him. He admits that he received timely notice, but believes that some one else might not be so fortunate. He argues that allowing only seven days for a hearing after the notice is posted on the premises is inadequate because *743 some day a property owner may be ill, on vacation or out of the State on business for a period greater than seven days. Plaintiff is unable to suggest a time lag between notice and hearing that would satisfy him, but is merely able to state that the seven-day posted notice is obviously inadequate because of what might occur to others in the future.
A presumption exists in favor of constitutionality of a statute. Aetna Casualty and Surety Company v. Smith, Del., 131 A.2d 168, 177; Conard v. State, 2 Terry 107, 41 Del. 107, 16 A.2d 121. Therefore, a construction rendering a statute unconstitutional will be avoided, if possible. Collison v. State ex rel. Green, 9 W.W.Harr. 460, 39 Del. 460, 2 A.2d 97, 119 A.L.R. 1422.
It is well established that the constitutionality of a statute can only be challenged by a person who is directly and adversely affected thereby. Conard v. State, supra, 16 A.2d at page 126; Garden Court Apartments v. Hartnett, 6 Terry 1, 45 Del. 1, 65 A.2d 231, 233; 16 C.J.S. Constitutional Law § 76, page 157, et seq. Some cases have held the rule inapplicable where the statute appears to be unconstitutional on its face. Day v. Metropolitan Life Insurance Co., 11 Cal.App.2d 681, 54 P.2d 502, certiorari denied Metropolitan Life Insurance Co. v. Day, 299 U.S. 560, 57 S.Ct. 22, 81 L.Ed. 413; Preston v. Clements, 313 Ky. 479, 232 S.W.2d 85. There are suggestions in some Delaware cases that a statute will be declared unconstitutional where it is shown that the act is wholly void. Garden Court Apartments v. Hartnett, supra; Conard v. State, supra. In the latter case, the Court stated (16 A.2d at page 126):
"When, however, the unconstitutional feature, such as discrimination against a non-resident, if it exists, is of such character as to render the entire act void, then it would seem that the invalidity of the entire act could be asserted by anyone injured by it. If the act was wholly void then, of course, no one should be proceeded against criminally under it. The principle that where the whole act is void the question of discrimination or of unconstitutionality can be raised by one not ordinarily capable of doing so has been commented on in a number of cases. (Citations follow)."
Plaintiff relies particularly on the above language. In the Conard case the Court refused to permit a resident of Delaware to attack the constitutionality of an act which was clearly discriminatory against non-residents as a group.
Does the provision of the statute attacked by plaintiff bring his case within the announced exception to the general rule? In my opinion it does not. The seven-day notice provision, relied upon by plaintiff, is not so short that it is patently unreasonable.
Plaintiff's next argument is directed to the vagueness and uncertainty of Section 686. Criminal proceedings were not brought against plaintiff pursuant to Section 686. But, nevertheless, plaintiff contends that Sections 683 and 686 are interrelated and interdependent, and cannot be separated. He, therefore, asks this court to rule that the entire statute is void on its face. He would thus place himself within the exception stated in the Conard case.
The court cannot agree with this contention. Section 683 provides for the removal of obstacles in the nature of a nuisance after notice and hearing. It provides for no fine or imprisonment. Section 686 provides for a fine and imprisonment for subsequent violations of the statute after a trial in a criminal proceeding. The plaintiff is not before this court because he has violated Section 686. He is before this court under Section 683, which is, by admission of the plaintiff, a civil proceeding calling for the abatement of certain obstructions in the nature of a nuisance. It is the court's view that Section 683 is clearly *744 severable from the provisions of Section 686.
Since plaintiff is not injured or affected by the provisions of the statute of which he complains, he has no right to complain. He cannot as a private citizen attack the statute, if not directly affected, in the interest of others who may later be affected thereby.
In examining the statute as to the points so far raised by plaintiff, there is nothing that would indicate that it is void on its face. Plaintiff does not point to any provision which is so clearly unconstitutional that, under the present facts, would cause this court to rule upon the adequacy of the notice or the criminal sanctions discussed.
I now turn to plaintiff's direct attack on Section 683. Plaintiff contends that the procedure set out in Section 683 may result in confiscation of his property on the mere showing by the State that there is "reasonable ground for suspicion" that the premises are being used for gambling. The statute does not use the words employed by plaintiff. Rather, the statute permits the court to issue an order abating the obstruction if there is "reasonable cause to believe" that the premises are resorted to for the purpose of gambling.
In Darling Apartment Co. v. Springer, 25 Del.Ch. 420, 22 A.2d 397, 401, 137 A. L.R. 803, the Delaware Supreme Court in considering a provision of the Liquor Control Act empowering the Liquor Commission to cancel or suspend licenses on "reasonable cause for belief", defined the phrase to mean "the existence of facts and circumstances sufficiently strong to warrant belief in the mind of a reasonable man" that the act complained of is taking place.
The exact measurement of the amount of evidence that is required under Section 683 to enable the court to order the destruction of the obstruction is not standardized in any set form or manner. What constitutes the necessary evidence may vary in each case in accordance with the facts and circumstances presented. Certainly a reasonable minimum proof is required. The court should consider, however, what the Legislature has declared to be the public policy of the State in the enactment of the law and it should attempt to render a just and equitable adjudication in each case. Cf. In re Harvey's Estate, Sur., 102 N.Y.S. 2d 725, 729.
The essential elements of "procedural due process of law", as guaranteed by the Fourteenth Amendment of the Federal Constitution, are appropriate notice of the judicial action and adequate opportunity to be heard. Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375. The expressions, "due process of law" as it appears in the Federal Constitution, and "law of the land" as used in our State Constitution in Article 1, Del. C.Ann., mean the same. State v. Rose, 3 W.W.Harr. 168, 33 Del. 168, 132 A. 864, 45 A.L.R. 85. Due process in judicial proceedings implies action in conformity with the general law, based upon evidence, and after a full hearing upon notice to the party or parties affected and an opportunity to be heard.
There was no denial of procedural due process here. The procedure provided by this statute does not disregard the essentials of "right" and "justice". The private rights of the plaintiff were preserved according to proper procedures established by the Legislature. The order to remove obstructions may be made under the statute only by judgment of a court of competent jurisdiction after the owner or his agent has been served with notice of intended action and given an opportunity to be heard. As applied in this action, therefore, the statute clearly satisfies the constitutional requirement of due process of law in its procedural aspect. I find that procedural due process was not denied to plaintiff.
Finally, plaintiff argues that the statute is unreasonable, unnecessary, and that the *745 selection of its means has no reasonable relationship to the end sought to be accomplished. The question raised by this argument is whether the restraint prescribed by the statute is so unreasonable or arbitrary as to amount to a taking of property without due process of law.
The police power of the State is one of the broadest powers possessed by a governing body. Appeal of Blackstone, 8 W.W.Harr. 230, 38 Del. 230, 190 A. 597. It is vital to the preservation of the general welfare that a statute purporting to exercise it has a presumption of validity. Coleman v. Rhodes, 5 W.W.Harr. 120, 35 Del. 120, 159 A. 649. In State v. Hobson, 7 Terry 381, 46 Del. 381, 83 A.2d 846, 855, the court emphasizes that it "extends to such restraints and regulations as are reasonable and proper to protect the lives, health, comfort, and property of citizens, and to promote the order, morals, safety and welfare of society."
The State is not helpless when a person uses his private property in a way that is detrimental to the rights of the public with relation to health, morals, safety, order or welfare. Van Winkle v. State, 4 Boyce 578, 27 Del. 578, 91 A. 385, 392; Jordon v. Gaines, 136 Me. 291, 8 A.2d 585. A large discretion is necessarily vested in the Legislature to determine not only what the interests of the public require but what measures are necessary for the protection of such interests. If the means which are designed by the Legislature reasonably tend to accomplish a desired legitimate end, the statute is considered valid. Gallegher v. Davis, 7 W.W. Harr. 380, 37 Del. 380, 183 A. 620.
The statute under consideration was enacted by the Legislature to curb the illegal use of buildings for gambling purposes. Gambling is, by the State Constitution and bylaws enacted pursuant thereto, against the public policy of this State. Gamblers were able to keep law enforcement officers from serving warrants merely by erecting barriers so that police officers could not gain entrance to the building in which they had reasonable cause to believe that an illegal activity was taking place. The Legislature, in enacting the present law, sought to remedy the situation as it existed, by forbidding the erection of unusual obstructions which are not ordinary or usual in the normal use of buildings or places.
Plaintiff argues for many improvements in the law, and also suggests that the court take notice of the fact that anti-gambling laws do not receive unanimous public moral conviction. Plaintiff's argument is directed to the wisdom and policy of the statute which, in general, are not a concern of the courts. De Pace v. Mayor and Council of Wilmington, 5 Terry 319, 44 Del. 319, 58 A.2d 742, affirmed 6 Terry 300, 45 Del. 300, 72 A.2d 439.
As applied in this action, the statute satisfies the constitutional requirement of due process in its procedural and substantive aspects.
The exceptions must be overruled, and the judgment below affirmed.