301 U.S. 183 (1937)
BOURJOIS, INC.
v.
CHAPMAN ET AL.
No. 534.
Supreme Court of United States.
Argued March 5, 1937.
Decided April 26, 1937.
APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MAINE.
*184 Mr. Asher Blum, with whom Messrs. Hugo Mock and Robert Hale were on the brief, for appellant.
Mr. Ralph W. Farris, Assistant Attorney General of Maine, with whom Messrs. Franz U. Burkett, Attorney General, and Clyde R. Chapman were on the brief, for appellees.
MR. JUSTICE BRANDEIS delivered the opinion of the Court.
Bourjois, Inc., a New York corporation, brought, in the federal court for Maine, this suit seeking to enjoin, both temporarily and permanently, the enforcement of Chapter 109 of the Public Laws of Maine, 1935, entitled "An Act for the Regulation of Cosmetics." The bill was filed before January 1, 1936, the effective date of the Act. The Attorney General of Maine, the Commissioner of Health and Welfare and the Director of Public Health were made defendants. The answers denied the material allegations of the bill. The case was heard before three judges; the application for a temporary injunction was denied, on the ground that plaintiff's objections were prematurely raised; and leave was granted to renew its *185 motion if in enforcing the Act interstate commerce should be interfered with or due process denied. Thereafter, a supplemental bill and answer were filed; the case was again heard; the court concluded that there was both federal and equitable jurisdiction; denied a motion for a temporary injunction; and entered a final decree dismissing the bill. The case is here on appeal.
Section 1 of the Act provides:
"Registration of cosmetics. On and after January 1, 1936 no person, firm, corporation or copartnership shall hold for sale, sell, offer for sale, in intrastate commerce, give away, deal in, within this state, supply or apply in the conduct of a beauty shop, barber shop, hairdressing establishment or similar establishment, any cosmetic preparation unless the said preparation has been registered with and a certificate of registration secured from the department of health and welfare."
Section 2 declares that the purpose of the Act is to safeguard the public health; and provides for the issue of certificates of registration by the department of health and welfare "to the manufacturer, proprietor, or producer of any cosmetic preparation." Other sections of the Act contain elaborate provisions for the seizure and forfeiture of "cosmetic preparations kept or deposited within the state intended for unlawful sale or use"; and for imposition of fines upon violators of the statute.
The plaintiff manufactures cosmetics in New York; has no place of business in Maine; and does not hold, use, apply, or sell cosmetics within that State. Among its many customers are some whose places of business are in Maine; and their purchases are made in part on orders given in Maine to travelling salesmen of the plaintiff. But no order so given is binding until approved by the plaintiff in New York. All shipments to Maine customers are made from New York; and the sales of the *186 cosmetics in Maine are not made in the original packages, the large containers in which the cosmetics are shipped from New York. Compare Purity Extract Co. v. Lynch, 226 U.S. 192, 201; Hebe Co. v. Shaw, 248 U.S. 297, 304.
The plaintiff has not applied for a certificate of registration of any of its preparations; and it announces that it will refuse to do so, because the statute is void under the Federal and State Constitutions. Sixteen distinct grounds of invalidity are urged with great earnestness. None is well founded. Only a few need to be discussed.
First. Most prominent is the claim that the legislation violates the commerce clause. By its terms, the statute is limited in operation to intrastate commerce. It does not attempt to prohibit or regulate the introduction of cosmetics into the State. It is not directed to manufacturers. It applies only to persons who deal in cosmetics, or apply them, within the State; and the plaintiff does not do so. No doubt the plaintiff will lose its Maine customers unless its preparations may be sold there; and their sale will be prohibited within the State unless the preparations are registered. But the State does not demand that the application for registration be made by the manufacturer or proprietor of the preparation. The defendants who administer the statute have construed it as permitting any one interested to make the application. As some cosmetics may be of a character to injure the health of the users, the State may prohibit the sale in intrastate commerce of a preparation unless it has been found, upon due enquiry, to be harmless. The fact that plaintiff's products are made in New York does not confer immunity from such regulation in Maine. Compare Mutual Film Corp. v. Hodges, 236 U.S. 248, 258; Armour & Co. v. North Dakota, 240 U.S. 510, 517; Pacific States Box & Basket Co. v. White, 296 U.S. 176, 184. *187 There is no discrimination against interstate commerce, since the regulation applies equally to all preparations, whether manufactured within or without the State of Maine.
Second. The plaintiff contends that its interstate commerce is directly burdened, because registration, which is indispensable to the maintenance of its trade in Maine, involves payment of a fee; that only an inspection fee can be justified; and that the State has failed to show that the fee charged is not in excess of the cost of inspection. Section 2 of the statute fixes the initial fee at 50 cents per preparation, with a similar annual renewal fee; and stipulates that:
"Fees received under the provisions of this act shall be used by said department for carrying out the purposes of this act."
Even if it had been necessary, under the rules applied in Foote & Co. v. Stanley, 232 U.S. 494, and Great Northern Ry. Co. v. Washington, 300 U.S. 154, for the State to establish that the fees here charged are not excessive, the State must be deemed to have sustained that burden. The fact that the fee for registration is only 50 cents suggests that it may prove inadequate rather than excessive. The case was heard shortly after the statute became operative. It was obviously impossible then to determine whether the fees would prove to be in excess of the administrative requirement, and in this situation it is sufficient if it is shown that the charges are not unreasonable on their face. As was said in Patapsco Guano Co. v. Board of Agriculture, 171 U.S. 345, 354, "If the receipts are found to average largely more than enough to pay the expenses, the presumption would be that the legislature would moderate the charge." See Red "C" Oil Co. v. Board of Agriculture, 222 U.S. 380, 393. Here, the statute operates directly only upon intrastate commerce. Where interstate commerce is only indirectly affected, it rests upon one challenging the legislation to show actual *188 undue burden upon such commerce. See Pacific Telephone & Telegraph Co. v. Tax Commission, 297 U.S. 403. The mere fact that the fees imposed might exceed the cost of inspection is immaterial. See General Oil Co., v. Crain, 209 U.S. 211, 231; Texas Co. v. Brown, 258 U.S. 466, 475, 476.
The Maine statute presents no question under the equal protection clause of the Fourteenth Amendment such as was dealt with in Great Northern Ry. Co. v. Washington, supra. The statute provides that the fees collected shall be devoted solely to the enforcement of this Act; and the Act directly regulates but one class of activity. The record shows that the State Treasurer has set up a separate account to which all cosmetic fees are credited, and against which are to be charged only the expense of enforcement. Compare Gundling v. Chicago, 177 U.S. 183, 189; Mountain Timber Co. v. Washington, 243 U.S. 219, 237; Texas Co. v. Brown, 258 U.S. 466, 479.
Third. The plaintiff contends that in other respects the statute violates rights protected by the Fourteenth Amendment and the Constitution of the State. It objects that the power conferred upon the board to grant or deny a certificate is unlimited; that the board has issued no regulations; and that neither the statute nor the board has provided for hearing an applicant. The plaintiff has not applied for a certificate; and it is not to be assumed that, if it concludes to do so, its application will be refused, or that the board will deny any right to which it is entitled. See Gundling v. Chicago, 177 U.S. 183, 186; Lehon v. Atlanta, 242 U.S. 53, 56; Smith v. Cahoon, 283 U.S. 553, 562; Highland Farms Dairy v. Agnew, 300 U.S. 608.[1] There are also other answers to this contention. *189 Section 2 defines the department's control of registration:
"The said department is authorized to regulate or to refuse the issuance of certificates of registration or to prohibit the sale of cosmetic preparations which in its judgment contain injurious substances in such amounts as to be poisonous, injurious or detrimental to the person." Delegation of the power to exercise that judgment is not obnoxious to the Constitution of Maine. Compare Bangor Railway & Electric Co. v. Orono, 109 Me. 292, 296; 84 Atl. 385; In re Knox County Electric Co., 119 Me. 179, 182; 109 Atl. 898; McKenney v. Farnsworth, 121 Me. 450, 452-454; 118 Atl. 237. And obviously, it contravenes no provision of the Federal Constitution. Compare United States v. Grimaud, 220 U.S. 506, 517; Mutual Film Corp. v. Industrial Commission, 236 U.S. 230, 246; Hall v. Geiger-Jones Co., 242 U.S. 539, 554; Highland Farms Dairy v. Agnew, supra. Neither constitution requires that exercise of such a power be preceded by the adoption of regulations. And neither constitution requires that there must be a hearing of the applicant before the board may exercise a judgment under the circumstances and of the character here involved. The requirement of due process of law is amply safeguarded by § 2 of the statute, which provides:
"From the refusal of said department to issue a certificate of registration for any cosmetic preparation appeal shall lie to the superior court in the county of Kennebec or any other county in the state from which the same was offered for registration."
Compare Hagar v. Reclamation District No. 108, 111 U.S. 701, 711, 712; Hall, v. Geiger-Jones Co., 242 U.S. 539, 554; Bragg v. Weaver, 251 U.S. 57, 59; Phillips v. Commissioner, 283 U.S. 589, 597; State v. McCann, 59 Me. 383, 385; Bennett v. Davis, 90 Me. 102, 106; 37 Atl. *190 864; McInnes v. McKay, 127 Me. 110, 116; 141 Atl. 699 279 U.S. 820.
Fourth. Plaintiff urges that relief should be granted because the provisions of the statute concerning seizure and forfeiture of unregistered cosmetics violate the Constitution of Maine. To that claim it is a sufficient answer that if there is a wrongful seizure, it will be of goods belonging to others. For, as the bill and findings reveal, no goods of the plaintiff will ever be liable to seizure, since the plaintiff will have none in Maine. If under this statute the constitutional rights of others are violated by an unlawful seizure and forfeiture, they, and not the plaintiff, must seek the redress. Compare Tyler v. Judges, 179 U.S. 405, 409, 410; Standard Stock Food Co. v. Wright, 225 U.S. 540, 550; Dier v. Banton, 262 U.S. 147, 149-150. Hence, we intimate no opinion on the merits of the point raised by plaintiff.
Affirmed
NOTES
[1] Compare Dalton Adding Machine Co. v. State Corporation Comm'n, 236 U.S. 699; Lehmann v. State Board of Accountancy, 263 U.S. 394, 398; Continental Baking Co. v. Woodring, 286 U.S. 352, 368, 369.