**UNITED STATES v. SLOBODKIN.**
**SAME v. J. SLOBODKIN CO.**
**SAME v. B. ROTTENBERG CO., Inc., et al.**
Nos. 16058, 16059, 16063.

District Court, D. Massachusetts.
March 2, 1943.

Edmund J. Brandon, U. S. Atty., William T. McCarthy, Asst. U. S. Atty., and Joseph J. Gottlieb, Asst. U. S. Atty., all of Boston, Mass., for plaintiff.

John W. Walsh and J. H. Wolfson, both of Boston, Mass., for defendant Slobodkin.

John H. Backus and Leonard Poretsky, both of Boston, Mass., for defendant B. Rottenberg Co.

WYZANSKI, District Judge.

Crim. No. 16058.

In United States v. Jacob Slobodkin, Crim. No. 16058, paragraph 1 of the defendant's motion to quash raises the objection that the indictment is vague. That objection is overruled because the Court finds the indictment sufficiently certain. Paragraphs 2 through 5 of the defendant's motion allege that the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., itself (not, be it observed, any specific regulation thereunder), is invalid under the United States Constitution for these reasons: in violation of Article I of the United States Constitution, Congress delegated legislative power to the Price Administrator (¶ 2); in violation of Amendment V, the Act deprives the defendant of his property and interferes with his liberty of contract (¶ 3); and, in violation of Amendment V, the Act deprives the defendant of his liberty and his property by authorizing this Court to impose a sentence of imprisonment and fines without permitting the defendant to question in this Court the validity of the Act and the regulations thereunder (¶ 4 and 5). The points made in paragraphs 2 and 3 are overruled for these reasons: first, no one denies that this Court in passing upon an indictment laid under the Emergency Price Control Act has the power to consider the validity of such statutory provisions as are applied in the indictment; and second, having the power to pass upon the validity of the statutory provisions here applied, this Court concludes that, upon the showing so far made by the defendant, those provisions do not delegate legislative power in violation of Article I of the United States Constitution and do not regulate property or contracts in violation of Amendment V. As to the points made in paragraphs 4 and 5 they are overruled on the ground that they are moot. This Court has not been presented with an issue as to the validity of any regulation. Accordingly, the motion to quash the indictment is denied. There is no need at this time to consider the defendant's motion to suppress evidence.

Crim. No. 16059.

In United States v. J. Slobodkin Company, Crim. No. 16059, the corporate defendant's motion to quash differs from the individual defendant's motion in Crim. No. 16058 only by omitting any allegation of a possible unlawful imprisonment. The motion to quash the indictment is denied.

Crim. No. 16063.

In United States v. B. Rottenberg Co., Inc., et al., Crim. No. 16063, the defendants have filed pleas in abatement and a motion to quash.

Although paragraph 4 of the corporation's plea in abatement refers to certain prices as being "unfair and inequitable", the pleas do not point with particularity to any alleged constitutional or statutory infirmity of any regulation of the Price Administrator. Instead, the pleas place particular emphasis on the two points (1) that the indictments lack the allegation that the overt act occurred in the United States and (2) that the pleaders acquired immunity from prosecution when the corporate records were, in compliance with a subpoena, produced before the grand jury. Both the first (Dealy v. United States, 152 U.S. 539, 547, 14 S.Ct. 680, 38 L.Ed. 545; Hyde v. Shine, 199 U.S. 62, 66, 77, 25 S.Ct. 760, 50 L.Ed. 90) and second (Wilson v. United States, 221 U.S. 361, 372–374, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558) points are without merit. The several pleas in abatement are overruled.

The motion to quash is a prolix document which in twenty-five numbered paragraphs challenges the indictment principally on the grounds that (1) it does not set forth sufficient facts to charge a crime or to apprize the defendant of the crime, if any,

with which he is charged (¶ 1–3, 17–25); (2) it sets forth more than one crime in one count (¶ 5, 6); (3) the Emergency Price Control Act of 1942 upon which the indictment is based is invalid because it delegates legislative power in violation of Article I of the United States Constitution (¶ 7, 8, 16); and (4) the regulations upon which the indictment is based are invalid because they are exercises of legislative power, are penal in nature, are unsupported by necessary determinations of fact, and were formulated by methods of procedure which violated the Fifth Amendment (¶ 9–15). The first two grounds were disposed of from the bench during argument and the third ground falls for the reason set forth in Slobodkin's case, supra. The fourth ground challenges, albeit not concisely or with precision, the regulation on which the indictment is based. Thus the defendants have moved to quash the indictment on the ground that it is founded upon a regulation which, in view of the circumstances of its adoption (and perhaps they also mean in view of the circumstances of its application) is invalid under the Emergency Price Control Act of 1942 and is invalid under the due process clause of the Fifth Amendment to the Constitution. The Government has replied that under § 204 (d) of the Emergency Price Control Act of 1942, c. 26, 56 Stat. 23, 31, U.S.C.A. T. 50, Appendix, § 924(d), this Court is without jurisdiction at any stage in these proceedings to entertain a defense based on an asserted statutory or constitutional invalidity of the regulation.

■■ There is a short answer to this fourth challenge. The defendant's motion to quash is the equivalent of a demurrer. It is not and could not be supported by evidence. It merely tests the indictment, the underlying regulation and the underlying statute as each of them appears upon its face. It follows that under ordinary principles of pleading and criminal procedure, and leaving aside any question of § 204(d), the defendants cannot succeed on the fourth ground of their motion unless such parts of Revised Maximum Price Regulation No. 169 [C. C. H. War Law Service ¶ 43.369] as underlie the indictment are invalid upon their face, apart from extrinsic considerations such as the procedure which the Administrator followed in formulating the regulation, the evidence upon which he acted, the arbitrary or lack of arbitrary quality of the regulation in the light of the sur-

rounding circumstances of the industry, and the arbitrary or lack of arbitrary quality of the application of the regulation to these defendants. Viewed in this limited aspect, the fourth ground of the defendants' motion is plainly without merit. On its face the regulation complies with all statutory and constitutional requirements. If there be defects in the regulation, they are not patent. Accordingly, they are not susceptible of determination on a demurrer or motion to quash.

The defendants, however, have indicated that they intend in the course of the trial to present evidence to show that the Administrator acted capriciously in formulating the regulation and that the regulation is capricious in its application to the defendants, and so on both counts violates the due process clause of the Fifth Amendment. If this is the position that the defendants take they, of course, must make a proffer of testimony at the trial when I shall rule upon it. Nothing that I say herein excuses them from that procedural step.

Without excusing such proffer, and solely in connection with the motion now pending before me, I should add that my conclusion adverse to the defendants, on the fourth ground of their motion, rests not only on the short answer already given but also on § 204(d) of the Emergency Price Control Act. In connection with this latter and alternative basis for my conclusion I have considered two questions: whether § 204(d) purports to go so far as the Government contends; and if so, whether it violates the Fifth Amendment. Since the case is ready for trial, I shall merely state my reasons briefly without seeking to document my opinion with the usual citations.

■ The initial question is one of statutory construction. Unfortunately I have not in the 24 hours available to me had access to the legislative history, including committee reports and Congressional debates except as summarized in Note 55 Harv.L.Rev. 477, 492, 493. I, therefore, am able now to consider only the text of the Act. It shows that criminal prosecutions are provided for in one section, and review of administrative orders in another section. It is in the latter section that there appears subsection 204(d) upon which the Government's argument is based. No one would deny that that subsection purports to preclude a United States District Court from entertaining a

suit in equity to set aside a regulation. The draftsman has used apt and familiar words from the Chancellor's vocabulary, "to stay, restrain, enjoin or set aside." But since he has not used any terms peculiar to criminal procedure, it might be argued that criminal cases were not within the ban. However, the statement in the Act is unusually broad. It is provided that no District Court "shall have jurisdiction or power to consider the validity of any such regulation." Even though, strictly speaking, in a criminal case the District Court never considers the validity of a regulation, but merely the validity of the indictment founded upon the regulation, the language seems to include a criminal prosecution. This is clearer when it is recalled that, strictly speaking, in a suit in equity the Chancellor considers not the validity of a regulation, but the validity of its application to the complainant. Therefore, I conclude that the statute purports to preclude this Court from considering the statutory and constitutional validity of a regulation under the Act; and I must next consider whether such a statute is constitutional.

The constitutional question is whether it comports with the due process guarantee of the Fifth Amendment for Congress to provide that in a criminal prosecution for violation of a regulation under the Emergency Price Control Act of 1942 the defendant may not be heard on the issue of the statutory and constitutional validity of that regulation.

In approaching this question it is important to distinguish two different types of asserted invalidity. A regulation might, in form or in substance, be invalid on its face; or, though fair on its face, it might be invalid because of the circumstances of its adoption or application. This distinction is familiar in the area of administrative law. Smith v. Cahoon, 283 U.S. 553, 562, 51 S.Ct. 582, 75 L.Ed. 1264; Lovell v. Griffin, 303 U.S. 444, 452, 453, 58 S.Ct. 666, 82 L.Ed. 949. Illustrative of the former type of invalidity would be a regulation establishing different prices for persons of white than for persons of black color; or a regulation which, though it recited compliance with the Act, in fact governed a subject, such as an income tax, obviously foreign to the Act. Illustrative of the latter type of invalidity would be a regulation fair on its face but adopted without whatever procedural formalities may be requisite; or a regulation establishing classifications which in view of the surrounding circumstances are arbitrary and capricious.

In the case at bar the underlying regulation is plainly not infected with the first type of invalidity. It is therefore necessary for me to consider only whether it is unconstitutional to preclude the defendants from raising in a criminal prosecution the issue that the regulation for the violation of which they are prosecuted is, though fair on its face, invalid because of the circumstances under which it was adopted and has been applied to them.

Before discussing that point it is important to observe that the Emergency Price Control Act of 1942 provides in §§ 203 and 204, 56 Stat. 31, U.S.C.A. T. 50, Appendix, § 923 and 924, that any person subject to any provision of a maximum price regulation may file a protest with the Administrator within 60 days after issuance of the regulation (or later if the grounds of protest arose thereafter), and may, in the event of a determination unfavorable to him, seek review by the Emergency Court of Appeals and, on certiorari, by the Supreme Court of the United States.

The indictment charges these defendants with having engaged in violations of Revised Price Regulation No. 169 within 60 days of December 10, 1942, the date the regulation was issued [C. C. H. War Law Service, p. 44, 409-3 note 1]. Thus, in their case at the time they acted there was available a method for seeking administrative and judicial relief against the regulation if it caused them hardship. They might have filed a protest against the regulation and if the Administrator ultimately ruled against them, they had recourse to the Emergency Court of Appeals and the Supreme Court of the United States.

One other feature of the statute requires comment before the narrow scope of the constitutional question is sharply revealed. Under § 205(b) of the Emergency Price Control Act of 1942, 56 Stat. 33, U.S.C.A. T. 50, Appendix, § 925(b), criminal sanctions are applicable only against a person "who willfully violates" a regulation, order, or statutory provision. This means that there must be either a conscious violation or deliberate unwillingness to discover and obey the law.

Thus the precise question now presented is whether in the exercise of its war

powers Congress can absolutely forbid the violation of a price regulation which, though it may have some hidden infirmity, was valid on its face, was known to the person regulated and at the time he violated it was susceptible of review at his instance in designated administrative and judicial tribunals.

 The question is not so novel as the defendants suppose. It is well settled that where a licensing ordinance, valid on its face, prohibits certain conduct unless the person has a license, one who without a license engages in that conduct can be criminally prosecuted without being allowed to show that the application for a license would have been unavailing. Lehon v. City of Atlanta, 242 U.S. 53, 56, 37 S. Ct. 70, 61 L.Ed. 145; Hall v. Geiger Jones Co., 242 U.S. 539, 554, 37 S.Ct. 217, 61 L. Ed. 480, L.R.A. 1917F, 514, Ann.Cas.1917C, 643, especially lines 22–24; Bradley v. City of Richmond, 227 U.S. 477, 485, 33 S.Ct. 318, 57 L.Ed. 603. Cf. Highland Farms Dairy Inc. v. Agnew, 300 U.S. 608, 616, 617, 57 S.Ct. 549, 81 L.Ed. 835; Bourjois Inc., v. Chapman, 301 U.S. 183, 188, 57 S.Ct. 691, 81 L.Ed. 1027. In short, the individual is given the choice of securing a license, or staying out of the occupation, or, before he acts, seeking a review in the civil courts of the licensing authority's refusal to issue him a license. Likewise in the case at bar the defendants are given the choice of complying with the regulation, or not engaging in the regulated activity, or, before they act, petitioning the appropriate civil tribunals for a modification of or exception from the regulation.

 Indeed, there is an even closer parallel to the case at bar than the licensing cases. Congress can establish a rate-making body, such as the Interstate Commerce Commission, and, under criminal sanctions, require persons to comply with orders of that agency until they are set aside. Texas & Pacific R. v. Abilene Cotton Oil Co., 204 U.S. 426, 440, 441, 27 S. Ct. 350, 51 L.Ed. 553, 9 Ann.Cas. 1075; Lehigh Valley R. Co. v. United States, 3 Cir., 188 F. 879; United States v. Vacuum Oil Co., D.C.W.D.N.Y., 158 F. 536. If a defendant charged with criminal violation of a railroad rate order cannot show in his defense that the rate is discriminatory or unreasonable, then it is no departure from accepted principles to preclude a defendant charged with criminal violation of an OPA regulation from showing that the formulation, operation or application of the regulation is arbitrary.

In short, I conclude that as here applied paragraph 204(d) of the Emergency Price Control Act of 1942 is constitutional. In time of war and as an integral part of a system of preventing inflation, Congress can forbid the deliberate violation of a price regulation which is valid on its face, even though there may be hidden defects in the formulation or operation of the regulation or its application to particular persons. If a person subject to the regulation believes that such hidden defects exist, he must assume the burden of drawing them to the attention of the Administrator and, if desired, the Emergency Court of Appeals and the Supreme Court of the United States. Until those tribunals have acted upon his plea, the individual must either act in accordance with the regulation or not act at all. Congress has determined that such inconvenience and delay as are necessarily involved in securing an administrative change in or exemption from a price, rent, rationing or like regulation shall be borne by the person who believes his case exceptional, and that in the meantime the community at large shall have the benefit of compliance with the regulation. The motion to quash is denied.