BOWLES, Price Administrator, v. GANTNER & MATTERN CO.

No. 25079-S.

District Court, N. D. California, S. D.

Jan. 11, 1946.

W. H. Brunner, Ralph Golub, and Edward S. Aaron, all of San Francisco, Cal., for plaintiff.

Milton Marks and Morris Lowenthal, both of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Complaint was filed on March 14, 1945, by the Administrator of the Office of Price Administration, charging Gantner & Mattern Company (manufacturers and retailers of apparel) with violations and threatened violations of the Emergency Price Control Act and seeking injunctive relief. Preliminary to the hearing of the case, representatives of the Office of Price Administration had inspected and copied records and documents of the defendant with its full cooperation. Answer was filed. Interrogatories were served upon counsel for the Administrator on May 4, 1945. Time for answering the interrogatories expired and four months passed without any action on the part of the Administrator. Meantime the case had been set for trial. On July 13, 1945, defendant moved to dismiss the action. Hearing of the motion to dismiss was had July 23, one day before the trial date. At the hearing of the motion counsel for the Administrator not only admitted error and complete oversight of one or more of the legal staff of the Office of Price Administration but, on consideration of an application for "relief from the order of dismissal" entered on July 23, he admitted that the attorney in charge of the case against Gantner & Mattern "did not know anything about the apparel regulations," that he was not familiar with the Rules of Procedure of the federal courts, that he was busy learning both and, finally, in effect, that instead of preparing for trial of the case, or seeking postponement of the trial, the legal staff was otherwise engaged. It also developed on July 23, 1945, that the Administrator's counsel then present was not prepared to go to trial. No excuse, valid or otherwise, for this state of affairs appearing, the motion to dismiss the case was granted and was not thereafter modified.

One week later application was made by the Administrator for an order compelling Gantner & Mattern to permit two duly accredited investigators of OPA to inspect and copy records and documents. Such documents and records were designated in a so-called "Inspection Requirement" signed by one Robert Parks, identified as "Price Administrator or Office of Price Administration", copy of which was attached to the application.

Paragraph numbered 3 of the application recites that "jurisdiction of this action is conferred upon this court by Section 205(a) of the Emergency Price Control Act of 1942 * * * 56 Stat. 23 * * * as amended." [1] Concurrently, a notice of motion for a substantially similar, if not identical, order was served and filed. The notice recites that the motion will be based on § 202(b) of the Act, as amended.[2] Sup-

---

[1] Section 205(a) reads:

"Whenever in the judgment of the Administrator any person has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court * * * for an order enforcing compliance with such provision, and upon a showing * * * that such person has engaged in or is about to engage in any such act or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond." 50 U.S.C.A.Appendix, § 925(a).

[2] Section 202(b) reads:

"The Administrator is further authorized, by regulation or order, to require any person who is engaged in the business of

porting affidavits stated that the "Inspection Requirement" had been "served" on Gantner & Mattern Company and that permission to inspect and copy records had been refused.

Thereupon Gantner & Mattern Company filed a so-called answer and counterclaim to the "complaint on file in said action," supported by affidavits. This purported answer set up three defenses, among them one of res judicata. The Administrator then filed a motion to dismiss the counterclaim and to strike the defense referred to. Hearing was had and the matter was taken under advisement.

The novelty of this procedure is obvious. I find nothing in statute or rules warranting it.

Counsel for the Administrator relies on § 202(e) of the pertinent Act for the court's power to grant the relief sought; that is, for a mandatory order compelling permission to inspect and copy records at the place of business of Gantner & Mattern Company. Section 202(e) reads: "In case of contumacy by, or refusal to obey a subpena served upon, any person referred to in subsection (c), the district court for any district in which such person * * * transacts business, upon application of the Administrator, shall have jurisdiction to issue an order requiring such person to appear and give testimony or to appear and produce documents, or both * * *. The provisions [herein] shall also apply to any person referred to in subsection (b) * * *." Subsection (c) reads: "For the purpose of obtaining any information under subsection (a) the Administrator may by subpena require any other person to appear and testify or to appear and produce documents, or both, at any designated place."

█ A comparison of these several provisions of the Emergency Price Control Act, on which the Court's jurisdiction is dependent, with the application under consideration, demonstrates to a certainty that they are not consistent. There is no intimation in this application that Gantner & Mattern Company has engaged in or is about to engage in any act or practice which violates the Act. There is nothing in any provision of the statute which confers jurisdiction on the District Court to enforce the Administrator's "Inspection Require-

ment" so-called. There is no application before the Court to which subsections (c) and (e) are applicable. The statement in the application that the "Inspection Requirement" was served upon Gantner & Mattern is inaccurate. The "Inspection Requirement," obviously, is a document emanating from the Office of Price Administration and no doubt was proffered as authority for an inspection of the records. Upon refusal of Gantner & Mattern Company to recognize the document as legal authority the procedure provided by subsection (e) was available to the Administrator; but that procedure was not followed. The application under consideration does not seek to have the Gantner & Mattern Company appear in court to testify or to appear and bring its books and records. No subpoena was served on Gantner & Mattern Company. None was sought from the Clerk of the Court.

█ The attempt of the Administrator's counsel to convert the "Inspection Requirement" into a subpoena is futile. The document with the implication of coercion in its title does not rise to the dignity of a subpoena merely because it was signed by a Price Administrator of the Office of Price Administration. Subpoena and subpoena duces tecum have well defined and universally understood meanings and each is a mandate lawfully issued under the seal of the court by the clerk thereof. I have found no binding authority, statutory or judicial, nor has any been cited, which would compel amplification of the accepted definitions or of procedure. The fact that in a number of judicial decisions the terms have been qualified by the word "administrative" when an apparently mandatory directive is issued by a government agency, does not alter my view that to preserve the orderly administration of the courts it is essential that prescribed procedure be followed, and that the prescription applies to the government counsel with the same force as it does to any other litigant. I see no reason to approve the method chosen in lieu of the statutory one.

The application under scrutiny is in no sense a complaint. The purported answer and counterclaim is to a nonexistent complaint and is mere surplusage, as were the several motions and affidavits. The proceeding, as a whole, is a nully and will be dismissed.

dealing with any commodity * * * to permit the inspection and copying of rec- ords and other documents * * *." **50** **U.S.C.A.Appendix, § 922(b).**