### In re MOHAWK WRECKING & LUMBER CO. et al.

### No. 5630.

District Court, E. D. Michigan, S. D.

April 12, 1946.

Theron M. Hall and Arthur J. Schuck, Enforcement Attorneys, both of Detroit, Mich., for Office of Price Administration.

Brown, Fenlon & Babcock, and John W. Babcock, all of Detroit, Mich., for respondent.

KOSCINSKI, District Judge.

The Office of Price Administration issued a subpoena duces tecum directed to Mohawk Wrecking & Lumber Company, Harry Smith and Harry Jaffa requiring them to appear before Arthur J. Schuck of the Office of Price Administration at 600 Griswold Street in the City of Detroit on the 11th day of January, 1946, with certain business records therein described. The subpoena is tested as follows:

"In testimony whereof, the undersigned, an officer designated by Price Administrator of the Office of Price Administration, has hereunto set his hand at Detroit, Michigan this 9th day of January, 1946.

(s) W. E. Fitzgerald".

Return of service indicates that the subpoena was served on January 9, 1946 on Harry Smith—copartner of the Mohawk Wrecking & Lumber Company.

Under date of March 18, 1946 the Price Administrator, through his attorney, filed application in this court for an order compelling compliance with the subpoena so issued.

The respondents, in their answer to the Administrator's application, challenge the Administrator's authority to delegate the power of issuing subpoenas to a subordinate, and this court's jurisdiction to enter the order requested.

Under 50 U.S.C.A.Appendix § 922(b) the Administrator is authorized to "whenever necessary, by subpoena require any such person to appear and testify or to appear and produce documents, or both, at any designated place."

For validity on delegated power of subpoena applicant relies on 50 U.S.C.A. Appendix § 921(b) which provides: "(b) The principal office of the Administrator shall be in the District of Columbia, but he or any duly authorized representative may exercise any or all of his powers in any place."

In Cudahy Packing Co. v. Holland, 315 U.S. 357, 788, 62 S.Ct. 651, 86 L.Ed. 895, the court had before it precisely the same question under the Fair Labor Standards Act, 52 Stat. 1060, 29 U.S.C. Sec. 201 et seq., 29 U.S.C.A. § 201 et seq.—the authority of the Administrator of the Wage and Hour Division of the Department of Labor to delegate his statutory power to sign and issue a subpoena duces tecum.

The force of authority claimed for delegation of the subpoena power in the Cudahy case was Section 4(c), 29 U.S.C.A. § 204(c), which is as follows: "(c) The principal office of the Administrator shall be in the District of Columbia, but he or his duly authorized representative may exercise any or all of his powers in any place."

This clause is nearly identical with 50 U.S.C.A.Appendix § 921(b) of the Emergency Price Control Act of 1942. In construing the meaning of that clause the court said in the Cudahy case, 315 U.S. at p. 360, 62 S.Ct. 653: "On its face this seems no more than a definition of the geographical or territorial jurisdiction of the Administrator and his representatives."

The subpoena power under the Fair Labor Standards Act is found in 29 U.S.C.A. § 209 which makes Sections 49 and 50 of Title 15 U.S.C.A. (relating to the attendance of witnesses and the production of books, papers, and documents) applicable to the jurisdiction, powers, and duties of the Administrator. The relevant provision of

the Federal Trade Commission Act referred to is Section 49 and provides: "And the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence."

The members of the Commission were specifically designated to sign subpoenas and though under Section 43 of that Act (15 U.S.C.A.) the Commission was authorized to exercise its powers through examiners appointed by it, "in any part of the United States", the power of subpoena was not granted to such examiners.

After reviewing Congressional legislation in which power of subpoena was either expressly granted or withheld by Congress, Chief Justice Stone said (315 U.S. at p. 366, 62 S.Ct. 656 of Cudahy case): "All this is persuasive of a Congressional purpose that the subpoena power shall be delegable only when an authority to delegate is expressly granted."

Unless, therefore, there are features in this case distinguishing it from the ruling made in the Cudahy case, the same rule must here be applied.

It is argued on behalf of the Administrator that the Emergency Price Control Act of 1942 under which this application is made has been specifically labeled by Congress as an "emergency" law and that the Administrator is charged with carrying out the purposes of the Act as expressed by Congress with the least possible delay to eliminate and prevent profiteering, hoarding, manipulation, speculation, and other destructive practices resulting from abnormal market conditions or scarcities caused by or contributing to the national emergency, and further to prevent undue impairment of the national standard of living, to prevent hardship which would result from abnormal increases in prices, and to prevent the post emergency collapse of values—all as expressed in Section 901 of the Act; that the authority to conduct hearings under Section 922 would be unduly curbed and delayed if the right to conduct such investigations and hearings were dependent or conditioned on obtaining subpoena signed by the Price Administrator; that being an emergency Act the law is one of temporary duration and that

in that respect it differs from the Fair Labor Standards Act which is a permanent piece of legislation and not passed as an emergency measure, and that, furthermore, in the adoption of the Fair Labor Standards Act Congress specifically struck out the clause delegating the subpoena power to a subordinate and that such an intention on the part of Congress does not appear in the adoption of the Emergency Price Control Act; that, therefore, under Section 921(b) Congress intended to grant authority to the Price Administrator for delegation of the subpoena power.

These arguments might under other circumstances be persuasive But the language of the Cudahy case compels a denial here of the Administrator's assumed authority to delegate the power of subpoena.

To quote further from the opinion in that case, 315 U.S. 363, 364, 62 S.Ct. 655:

"Unlimited authority of an administrative officer to delegate the exercise of the subpoena power is not lightly to be inferred. It is a power capable of oppressive use, especially when it may be indiscriminately delegated and the subpoena is not returnable before a judicial officer."

"The entire history of the legislation controlling the use of subpoenas by administrative officers indicates a Congressional purpose not to authorize by implication the delegation of the subpoena power. The Interstate Commerce Act, the National Labor Relations Act, and the Federal Trade Commission Act, whose subpoena provisions were adopted by the present Act and by the Packers and Stockyards Act, all fail to grant authority to delegate the issuance of subpoenas. It appears that none of the agencies administering these acts has construed the authority of its head to include the power to delegate the signing and issuance of subpoenas. On the other hand, Congress, in numerous cases, has specifically authorized the delegation of the subpoena power. In others it has granted the power to particularly designated subordinate officers or agents, thus negativing any implied power in the head to delegate generally to subordinates."

To the Administrator's argument that his application is made under an "emergency" law and that therefore any action taken by him under that law should not be unduly delayed, it is enough to say that the subpoena in question here was served on January 9, 1946 but it was not until March 18, 1946

that application was made to this court for compelling obedience to it. There was no such emergency here as claimed by the Administrator to necessitate speed in the proceedings. A subpoena signed by the Price Administrator himself could have been obtained and served with less delay.

This court, therefore, being without jurisdiction in the matter, the application of the Price Administrator is denied.

In view of this ruling other questions raised by the pleadings need not be passed upon in this proceeding.