58

## PORTER, Price Administrator, v. A. G. RUSHLIGHT & CO.

### Civil Action No. 3288.

District Court, D. Oregon.

Nov. 6, 1946.

Francis E. Harrington, Dist. Enforcement Atty., W. A. Stockman and Joseph J. Labodie, Enforcement Attys., and J. Robert Patterson, Asst. U. S. Atty., all of Portland, Or., for plaintiff.

Charles C. Hall and Lloyd V. Weiser, both of Portland, Or., for defendant.

McCOLLOCH, District Judge.

█ This case is controlled by Porter v. Roach, D.C., 69 F.Supp. 56, where I held, on the authority of Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895, that the Price Administrator could not re-delegate his price fixing powers to a Regional Administrator. Both cases arise under RMPR No. 251. While the Roach case involved the right of the Regional Administrator to exercise the Price Administrator's price fixing power, pursuant to re-delegation from the Price Administrator, this case presents the further questions (1) of re-delegation by the Regional Administrator to an Acting Regional Administrator, and (2) re-delegation by the Acting Regional Administrator to the Oregon District Director.

The regulations and orders involved are: RMPR No. 251, particularly Sec. 9 (Aug. 21, 1944) (7 F.R. 8878; 8 F.R. 3628, 9334); Order of R.A. No. G–7 (June 15, 1945) (10 F.R. 8519); Delegation Order No. 75 by Regional Administrator (June 18, 1945); Am. No. 1 (June 17, 1946) by Oregon District Director to Order No. G–7.

█ OPA contends in this case, as it contended in the Roach case, that I am disregarding Sec. 204(d) of the Price Control Act, 50 U.S.C.A.Appendix, § 924(d), which forbids consideration of the validity of an order by any court other than the Emergency Court of Appeals, and the Supreme Court on appeal from it.

I consider that I am only construing the Act, as was done in Bowles v. Case, 9 Cir., 149 F.2d 777, affirmed 327 U.S. 92, 66 S.Ct. 438; and Hulbert v. Twin Falls County, Idaho, 156 P.2d 319, reversed 327 U.S. 103, 66 S.Ct. 444. See also the subpoena cases: Porter v. Murray, 1 Cir., 156 F.2d 781, certiorari applied for; In re Mohawk Wrecking & Lumber Co., D.C., 65 F.Supp. 164, affirmed 6 Cir., 156 F.2d 891, certiorari applied for; Pinkus v. Porter, 7 Cir., 155 F.2d 90; Bowles v. Gantner & Mattern Co., 64 F.Supp. 383; Id., 9 Cir., 156 F.2d 886; Raley v. Porter, App. D.C., 156 F.2d 561, certiorari applied for. These cases involve the right of the Administrator to delegate the subpoena power, and all of them construe the Act.

Indeed, the jurisdictional approach employed by Mr. Justice Douglas in Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, would seem to be entirely appropriate here. If, as I believe, the Price Control Act (different from later wartime statutes) did not authorize delegation of major functions, then the acts of the delegees in fixing "fair and equitable prices" were void for want of jurisdiction.

The able Judge Wyzanski, in whose court the now famous Yakus case arose— United States v. Slobodkin, D.C., 48 F. Supp. 913, 916; Yakus v. United States, 1 Cir., 137 F.2d 850; Id., 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, while hurried, as he says, in making his decision, seems to have been thinking along the lines laid down in the Estep opinion.

Incidentally, the new Administrative Procedure Act provides for judicial review where agency action is found to have been "in excess of statutory jurisdiction (or) authority." Sec. 10(e) (B) (3), 5 U.S.C.A. § 1009(e) (B) (3).

For the reasons stated, the action will be dismissed.