MANUEL LEDESMA DÁVILA, RENT DIRECTOR OF PUERTO RICO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, HON. JOSÉ M. CALDERÓN, JR., JUDGE, Respondent; PEDRO MARTÍNEZ, Intervener.

No. 26.   Argued February 1, 1951.—Decided April 25, 1952.

*Fernando Martínez Vélez* for petitioner. *Rodolfo V. Aponte* for intervener, petitioner in the main action.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

Pedro Martínez—intervener herein—is the owner of a one-story concrete building in Blanco Avenue, Río Piedras. The construction of said building was begun on February 1947 and was finished five months later. It is divided into seven commercial premises. Its monthly rent, since it was first rented at about the middle of 1947, is $290 (Six premises at $40 and the seventh, which offered greater convenience, at $50).

On November 30, 1948, the Rent Director, acting under the provisions of § 6, paragraph six, of the Reasonable Rents Act—Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326), as amended in said Section by Act No. 201 of May 15, 1948 (Sess. Laws, p. 574)[1]—and based on the grounds enumerated in § 5, subdivision c, par. (1) of the Rent Regulation for commercial premises[2] promulgated by the Director on December 1, 1946, ordered a reduction of the maximum rent of the property fixing the monthly rental in the amount of $182 for the whole building. (Six premises at $25 and the seventh at $32.) Said maximum rent was computed by the Director at the rate of 12 per cent per annum over the cost of the immovable, which he appraised

---

[1] Paragraph 6 of the referred § 6 provides:

"If the dwelling or building was constructed after October 1, 1942, the Administrator shall fix the reasonable rent on the basis of the cost of construction of said dwelling or building; *It being understood* that in no case shall the reasonable rent, as computed for one year, exceed twelve (12) per cent of the cost of the works.

[2] Said Section, insofar as pertinent, provides:

"*c. Grounds for reducing rent:* The Administrator, on his own initiative or at the request of the tenant, may at any time, order a reduction of the maximum rent solely on the following grounds:

"(1) *Maximum rents greater than other comparable rents.* The maximum rent applicable pursuant to Section 4, is unreasonable, excessive or oppresive."

at $18,300. The 12 per cent of reference is the maximum permitted by law.

Feeling aggrieved by this order, the owner sought a writ of review before the lower court, under § 7 of Act No. 464.[3] The court held a trial *de novo* receiving evidence from the owner as well as from the Director, in addition to the evidence brought before the Director and on which he based the reduction of the rent.

In its opinion and judgment after analyzing the evidence introduced, the lower court decided that the reasonable value of the property was $28,257.80. It reached this amount by appraising the lot at $12,493.80 and the building at $15,264. It assessed the value of the lot at what the court considered to be, according to the evidence, its market value at the time the building was constructed, and not $4,003.64, which was the cost of said lot on February 18, 1944 when it was acquired by the owner, and which was the figure used by the Director. Using the same coefficient of 1 per cent monthly on said value, it determined that the monthly rental of the building ought to be $282, declaring null and void the orders of the Director reducing the maximum rent of the afore-

---

[3] Said Section provides:

"Any rule, regulation, order, or determination of the Administrator shall be reviewable by the District Court of San Juan through the proper writ of review which the prejudiced party may file within the ten (10) days following the date on which said rule, regulation, order, or determination was promulgated; *Provided, however,* That if the writ has for its sole purpose the reviewing of an order or determination increasing or reducing the lease rental, such writ may be filed in the district court of the district where the property concerned is located, which courts are hereby vested with jurisdiction to take cognizance of such writs of review.

"Exclusive jurisdiction is hereby conferred upon the District Court of San Juan to determine the validity of any rule, regulation, order or determination of the Administrator.

"The filing of the writ of review to which this section refers, shall not stay the effects of the rule, regulation, order, or determination of the Administrator.

"The Supreme Court of Puerto Rico may, in its discretion, review through certiorari the decisions or judgments rendered by district courts in the writs of review to which this section refers."

mentioned building. To review this judgment the present writ of certiorari was instituted.

The first assignment is that the lower court set aside the decision of the Director as to the cost of construction of the property in question, although said decision was supported by evidence. The second and third assignments challenge the weighing of the evidence introduced at the trial *de novo*, and the fourth challenges in a general way the judgment setting aside the orders of the Director.

Although the petitioner, in arguing his first assignment analyzes the evidence introduced by the Director at the trial *de novo* before the lower court, and argues that the same is sufficient to support his administrative decision ordering the reduction in rent of the premises in intervener's building, he alleges, on the other hand, that the judicial function in a writ of review, as provided by law for cases like the one herein, is solely to review the questions of law, among them, whether the action of the Director is supported by substantial evidence.

Although in the past, and in writs of review similar to the one herein, this Court passed on the questions raised in them using as a starting point the facts originally proved in the district court in trials *de novo*, *Aponte* v. *District Court*, 68 P.R.R. 777; *Ledesma, Administrator* v. *District Court*, 71 P.R.R. 81; *Blanes* v. *District Court*, 71 P.R.R. 303,[4] we believe the time has come to fix definitely the scope of the judicial review provided by law as to the orders or resolutions made by the Rent Director and appealed to the district court.

Section 7 of Act No. 464, see footnote 3, provides for a writ of review, by which the party prejudiced by a rule, regulation, order, or resolution of the Rent Director may appeal to the District Court of San Juan (today District

---

[4] In said case the facts were stipulated by petitioner and by the Rent Director in the District Court.

Court of Puerto Rico, San Juan Section), within the 10 days following the date on which it was promulgated, so that the same may be reviewed. If the writ has for its sole purpose the reviewing of an order or determination increasing or decreasing the rent, the prejudiced party may institute a writ of review "in the district court of the district where the property concerned is located." The filing of said writ shall not stay the effects of the rule, regulation, order or determination of the Director against which the writ is filed.

The case herein deals with an order or determination of the Rent Director decreeing a reduction in rent of a building construed in the year 1947 and the object of the petition for review instituted by intervener herein before the lower court was to review said order or determination.

As we have seen, the statute does not specifically provide that the District Court shall hold a trial *de novo*. In the absence of a statutory provision to that effect, the judicial review shall not consist of a trial *de novo*. *Rivera* v. *Chancellor of the University*, *ante*, p. 361; *Victor Mfg. & Co.* v. *National Labor Relations Board* (C. A. 7, 1949), 174 F. 2d 867, 868; *cf. New York* v. *United States*, 331 U. S. 284, 91 L. Ed. 1492; *Shields* v. *Utah Idaho R. Co.*, 305 U. S. 177, 83 L. Ed. 111; *Gray* v. *Powell*, 314 U. S. 402, 86 L. Ed. 301. It is a well-settled rule in the ever growing field of American administrative law that "the judicial function is exhausted when there is found a rational basis for the Commission's conclusion," [5] and the courts must not substitute their notions for those which have guided the agency whose action— generally on a specialized subject—is intended to be reviewed. *Railroad Commission* v. *Oil Co.*, 310 U. S. 573, 84 L. Ed. 1368, opinion amended in 311 U. S. 614, 85 L. Ed. 390; Parker, Administrative Law (1952) 276–277; Davis, Administrative Law (1951) 468 *et seq;* Schwartz, American Administrative Law (1950) 114. The judicial function

---

[5] Justice Cardozo in *Miss. Barge Co.* v. *United States*, 292 U. S. 282, 78 L. Ed. 1260.

in the review of administrative orders or determinations is confined to the examination of the record of the proceedings before the administrative agency, to determine whether the administrative body erred on questions of law and if the same were supported by substantial evidence. *Rivera* v. *Chancellor of the University, supra; Rivera* v. *Labor Relations Board,* 70 P.R.R. 320; *Universal Camera Corp.* v. *Labor Board,* 340 U. S. 474, 95 L. Ed. 456; *Addison* v. *Holly Hill Co.,* 322 U. S. 607, 88 L. Ed. 1488; *United States* v. *Morgan,* 307 U. S. 183; *New York* v. *United States, supra;* Landis, Crucial Issues in Administrative Law, 53 Harv. L. Rev. 1077.

■ Although the due process of law is complied with when the statute provides a trial *de novo* as a means of judicial review, *Bourjois, Inc.* v. *Chapman,* 301 U. S. 183, 81 L. Ed. 1027; Parker, *supra,* p. 51, under the rule set forth by the modern trend of administrative law in limiting the scope of judicial review of proceedings before an administrative agency, to the record—to consider only the questions of law and determine whether the findings of fact which serve as a basis for administrative action are supported by substantial evidence—the due process requires that the person prejudiced by the administrative action receive a previous notice of the action contemplated and be given an opportunity to be heard and to introduce before said agency documentary and oral evidence. In order that the judicial review may be legally limited to the objective indicated, the administrative agency must keep a complete record of the proceedings had, including the documentary evidence and the transcript of the oral evidence admitted. *Godreau & Co.* v. *Public Service Comm'n,* 71 P.R.R. 608; *Rivera* v. *Chancellor of the University, supra;* Davis, The Requirement of Opportunity to be Heard in the Administrative Process, 51 Yale L. J. 1093. And it is "a simple but fundamental rule of administrative law" that "the orderly functioning of the writ of review requires that the ground

invoked by the administrative agency be clearly set forth and adequately supported." *Securities Comm'n* v. *Chenery Corp.*, 332 U. S. 194, 91 L. Ed. 1995; *Securities Comm'n* v. *Chenery Corp.*, 318 U. S. 80, 87 L. Ed. 626; Davis, Administrative Findings, Reasons and Stare Decisis, 38 Cal. Law Rev. 218.

▮ The foregoing is sufficient to set aside the judgment of the lower court which in turn set aside the orders of the Director decreeing the reductions in rent of intervener's property, since the judgment was based on the evidence introduced at the trial *de novo*, having the trial judge substituted his notions for those of the Director as to the reasonable rent of the property. Said functions belong to the Director by law. However, pursuant to the rules previously cited as to the scope of the judicial review authorized by § 7 of the Reasonable Rents Act, the lower court should then determine by the record of the proceedings before the Rent Director, whether or not said record complies with the provisions above stated, whether, as averred, there has been an error of law in the petition for review filed by the owner, and whether there is substantial evidence to support the orders decreeing the reduction in rent. In any of these cases, the Court has power to set aside the order and remand the case to the Director, but not to issue the orders which it may deem reasonable were it acting in an administrative capacity.

For the reasons stated it is unnecessary to consider the other assignments.

The judgment appealed from will be set aside and the case remanded to the lower court for further proceedings not inconsistent with this opinion.