JOSEPH APRILE, Plaintiff Below, Appellant, v. THE STATE OF DELAWARE, Defendant Below, Appellee.

(*November* 3, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*John M. Bader* for appellant.

*F. Alton Tybout*, Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 37, 1958.

WOLCOTT, J.:

This is an appeal from a judgment of the Superior Court overruling exceptions on certiorari to review an order of the Municipal Court of Wilmington. The appellant renews in this court the same arguments made in support of his exceptions.

Fundamentally, the appeal attacks the constitutionality of 11 *Del. C.* §§ 678-686. These code sections provide a summary means for the removal of obstructions to places believed to be used for gambling purposes.

The code sections particularly pertinent to this appeal are briefly described:

§ 679 authorizes any captain or chief of police who has reasonable cause to believe a building is being used for the purpose of gambling, and who finds that access to such building is barred by any obstruction, to serve personally upon the owner or his agent a notice to appear before an appropriate court to show cause why the obstructions should not be removed.

§ 680 provides that if the owner or agent cannot be found, the prescribed notice shall be posted upon the outside of the premises.

§ 681 provides that the notice which shall be either served personally or posted shall designate the court in which the rule will be heard and the time and date of the hearing.

§ 682 provides that in the event service of the notice is made by posting on the premises, the officer giving the notice shall, within seven days after the posting, cause the matter to be brought on for hearing before the court designated in the notice.

§ 683 provides that if the court, after hearing, finds that there is "reasonable cause to believe" that the premises are resorted to for gambling purposes and that the obstruction is

other than what is usual and ordinary in the normal use of the premises, the owner or agent may be ordered to remove the obstruction.

§ 684 provides that if the owner or agent, after such order, does not remove the obstruction within seven days, the police officer shall cause the obstruction to be removed.

Finally, § 686 provides for the imposition of fines for second, third and subsequent obstructions of the same premises.

This appellant is the owner of 325 East Fourth Street, Wilmington, Delaware and was served personally on November 27, 1957 by a captain of police of the City of Wilmington with a notice to appear in the Municipal Court of Wilmington on December 3, 1957 to show cause why certain obstructions should not be removed from the premises. The obstructions sought to be thus removed consisted of an outside door $3\frac{1}{2}$ inches thick provided with three bars to prevent its being opened, and an inside door $3\frac{3}{4}$ inches thick provided with two bars.

On December 3, 1957, on application of the appellant, the hearing was continued until December 10, 1957, on which date the hearing was held. On December 16, 1957 an order was entered by the Judge of the Municipal Court reciting the finding "that the above described premises are resorted to for the purposes of gambling * * * and that access to the said premises are barred by obstructions other than by what is usually used in ordinary places of a like manner". Upon this finding, the appellant was thereupon ordered to remove the obstructions within seven days.

The appellant then sought review of the order by the Superior Court of New Castle County by writ of certiorari, attacking the constitutionality of the statute on several grounds. The Superior Court upheld the constitutionality of the statute from which holding appellant now appeals.

The appellant first argues that the sections in question are unconstitutional because they do not provide for due process

of law and, hence, violate both the Federal and Delaware Constitutions. Const. Amend. 14; Const. art 1, § 9, *Del. C. Ann.*

The argument runs as follows:

The statute, providing as it does for the posting of the notice to appear at the hearing on the rule to show cause why the obstructions should not be removed, permits the possibility that an owner or tenant of premises with obstructions upon them might not actually receive notice of the pendency of the hearing by reason of absence from the state, illness or otherwise. It is thus argued that with respect to such owners who do not receive notice the hearing becomes *ex parte* and they are denied the opportunity of appearing in defense of the obstructions. Appellant cites *Jannuzzio v. Hackett*, 32 *Del. Ch.* 163, 82 *A.* 2d 730, which declared a predecessor statute to the one under consideration unconstitutional because it did not provide the owner or agent of the premises with an opportunity for hearing prior to the interference with or removal of the obstruction by the police. Appellant argues that similarly the statute before us does not so provide with respect to owners or agents not served personally.

This appellant admits having been personally served with a notice of the hearing and admits having actually appeared at the hearing and offering such defense as was available to him. He therefore has not been injured by the alleged unconstitutional procedure authorized by the statute. His objection is based upon a hypothetical set of facts and circumstances which do not exist in his case. We therefore do not reach the question of whether or not the statute conforms to the due process of law requirements with respect to the notice given by posting on the premises, since this appellant received notice through personal service. Appellant, therefore, has no standing in this proceeding to raise the question of constitutionality under the due process clause with respect to the notice given an absentee owner by posting. *Conard v. State*, 2 *Terry* 107, 16 *A.* 2d 121: *Garden Court Apartments v. Hartnett*, 6 *Terry* 1, 65 *A.* 2d 231;

11 *Am. Jur., Constitutional Law,* § 111; 16 *C. J. S. Constitutional Law* § 76; *Commonwealth of Massachusetts v. Mellon,* 262 *U. S.* 447, 43 *S. Ct.* 597, 67 *L. Ed.* 1078; *Bourjois, Inc. v. Chapman,* 301 *U. S.* 183, 57 *S. Ct.* 691, 81 *L. Ed.* 1027.

Appellant, however, argues that the case comes within an exception to the rule announced in the Conard case to the effect that where an unconstitutional feature in a statute is of such character as to make the entire statute void, any person against whom the act is sought to be enforced may assert its invalidity. Assuming the correctness of the referred-to exception, we are nevertheless of the opinion that the provision for the giving of notice by posting and a hearing seven days later is not on its face wholly unreasonable. There is, therefore, no patent constitutional defect in the statute which would bring it within the noted exception and result in the voiding of the entire law.

Nor do we think appellant's argument based upon § 686, providing for criminal prosecution for second, third and subsequent offenses, brings the case within the exception of the *Conard* case. Appellant argues that the criminal provisions of § 686 are so interrelated with the provisions of § 683 as to prevent a separation because the criminal sanctions of § 686 are dependent upon an order of removal authorized by § 683. We do not reach the point because appellant is not charged with the violation of § 686. We are of the opinion, furthermore, that the two sections are wholly severable in the event § 686 should be subject to an objection of unconstitutionality.

Next, appellant argues that § 683 permits a court to deprive a person of property upon a mere showing of probable cause since the section provides that after hearing, if the court finds "there is reasonable cause to believe" an order may be entered for the removal of the obstruction.

We think the argument without substance. §§ 679 and 683 provide for a hearing at which an opportunity shall be given the owner to show cause why the obstruction should not be

removed. By § 683, after hearing, the court may, if it finds reasonable cause to believe that the premises are used for gambling purposes, order the removal. This is not a provision, as appellant contends, for an order of removal upon probable cause. The phrase, "reasonable cause to believe", is almost exactly similar to the phrase, "reasonable cause for belief", which, in *Darling Apartment Co. v. Springer,* 25 *Del. Ch.* 420, 22 *A.* 2d 397, 401, 137 *A. L. R.* 803, this court defined as meaning "the existence of facts and circumstances sufficiently strong to warrant belief in the mind of a reasonable man" that the act complained of is taking place. This is far from a mere showing of probable cause as contended by the appellant.

■ Finally, appellant argues that the right to order a removal is an overly severe infringement of private rights without any probable necessity for such. He argues that gambling, although illegal, is not such a threat to public morals as to require summary measures directed against property. He points to the difference of opinion in the public mind as to the immorality of gambling.

The final argument made by the appellant is one relating generally to the wisdom and policy leading to the enactment of the statute in question. As a general proposition such questions are to be resolved by the Legislative Branch of the Government and not the Judicial. With such, courts are not concerned: *DePace v. Mayor and Council of Wilmington,* 6 *Terry* 300, 72 *A.* 2d 439.

The judgment of the court below is affirmed.